THOMAS RENWICK *et al.*

*v.*

HORACE P. HALL *et al.*

1. JURISDICTION *in chancery—to determine legality of corporation.* By our statute, an information in the nature of a *quo warranto* will lie where any association or number of persons shall act, within this State, as a corpo-

ration without being legally incorporated, and a court of chancery has no jurisdiction to determine the question as to whether such association is legally incorporated or not.

2. QUO WARRANTO—*proper remedy to test legality of organization of school district.* If a number of persons assume to act as school trustees of a district, claimed by them to be legally organized, the question as to the legal existence of such district can only be tested by filing an information in the nature of a *quo warranto.*

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. L. LOWELL, and Mr. C. KELLUM, for the appellants.

Mr. A. C. ALLEN, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The trustees of schools of two adjoining towns established, or attempted to establish, a new school district, composed of territory taken part from a district in one town, part from a district in the other town, and part from another district in the latter town. Directors of schools were chosen for this supposed new school district.

Appellants, owners of real estate in the several old districts from which the territory for the new one was taken, and also of real estate in the boundaries of the new district, filed their bill in equity in the circuit court, alleging that the proceedings in this regard were, in many respects, irregular and illegal, and that, in contemplation of law, no new district had been formed; and alleging, among other things, that the directors of the new district were about to contract debts to build a new school house, which would impose an illegal burden upon them, or at least an improper cloud upon their lands in the new district, and asking for an injunction forbidding these directors and other public officers from recognizing the new district as having a legal existence, and especially forbidding the contracting of debt to build the proposed new school house. The circuit court, on motion, dissolved the injunction and dismissed the bill, and complainants appeal to this court.

We find no grounds in this bill upon which to found juris-diction in a court of equity. The objections presented to the regularity of the proceedings called in question are merely technical. If these objections be fatal, there is a complete remedy at law.

By our statute, an information in the nature of a *quo war-ranto* will lie where "any association or number of persons shall act within this State *as a corporation* without being *legally* incorporated." If it be true, as alleged in this bill, that a new district has never been created under the law, in such case the legal existence of this *quasi* corporation can be tested, and its illegality established by proceedings under this statute. We find in this record neither fraud, accident, mis-take nor irreparable damages, nor any other ground for the jurisdiction of a court of equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*