GEORGE W. ALDERMAN *et al.*

*v.*

THE SCHOOL DIRECTORS, etc.

| 91 | 179 |
|----|-----|
| 121 | 481 |

| 91 | 179 |
|----|-----|
| 134 | 343 |

1. SCHOOL DISTRICT—*legality of, how questioned.* The legality of the formation of a school district can not be inquired into in a collateral proceeding, but in such proceeding the district must be taken to have been rightfully formed. . The only mode in which an alleged illegality can be inquired into and taken advantage of is by an information in the nature of a *quo warranto.*

2. In an action of trespass by school directors for breaking into a school-house in their possession, brought before a justice of the peace, under the plea of *nul tiel corporation* it is sufficient for the plaintiffs to show a *de facto* corporation or district, and they are not bound to show that the district was legally formed, to maintain the action.

3. TRESPASS—*school directors may maintain.* School directors in the actual occupancy of a school-house for school purposes, may maintain trespass for breaking and entering the same by an unauthorized person, although the legal title to the property may be vested in the trustees of schools,—and temporary occupation of the house by the defendants, through devices to obtain possession, will not take away the right of action in the directors.

APPEAL from the City Court of the City of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.

Messrs. BOTSFORD & BARRY, for the appellants.

Mr. N. F. NICHOLS, and Mr. A. J. HOPKINS, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is an action of trespass, commenced before a justice of the peace of DuPage county, by appellees, the school directors of district No. 5, township 37, ranges 10 and 11, in the counties of Will and DuPage, against appellants, for breaking and entering into a school house located in range 11 in DuPage county. The case, by appeal and subsequent change of venue, came into the City Court of Aurora, where, at the March term, 1877, a trial was had, resulting in a judgment for $50 against appellants.

The first and principal point made by appellants is, in substance, that a plea of *nul tiel corporation* is a plea in bar, and when interposed in bar, operates as a special traverse of the averment the plaintiff is a corporation and puts it upon proof of that fact, and even goes further and questions the right of the plaintiff to sue in the name in which it has sued, and that on the trial of a case appealed from a justice of the peace written pleadings are not required, and it was necessary, before the plaintiff could recover in this action, it should prove its legal corporate existence. And the conclusion is reached by counsel, from a consideration of the law and the evidence in the record, there was, and under the statute could be, no such legally formed and legally existing corporation as the appellee district.

In the view we take of this case it is not necessary or expedient for us to determine this issue. The evidence, at least, does show that for some thirty years, since 1846, the appellee district has claimed to be a legally organized union district. The people have continuously elected directors, some from the territory in the one county and some from the territory in the other county. These directors have levied and collected taxes for school purposes, have employed teachers and have carried on and governed the schools, and have sold and built school-houses, and in general have performed all the duties and have exercised the powers of a legally organized district. If not a *de jure* it was and is at least a *de facto* district.

It was held by this court in the case of *Trumbo* v. *The People*, 75 Ill. 562, that notwithstanding the fact a school district has been illegally formed, in violation of a statutory provision, yet, in a collateral proceeding, the legality of the formation of the district can not be inquired into, but it must be taken as having been rightfully formed, and that the only mode in which such illegality can be inquired into and taken advantage of, is by information in the nature of a *quo warranto*.

The only other point we deem it necessary to notice is, as to the possession of the *locus in quo.* The evidence shows the school-house was built by the predecessors in office of the appellee directors, and that these predecessors and their successors had maintained a school there, from year to year, continuously, down to the last of March, when the term closed; that at the time of the alleged trespass, about the middle or latter part of April, the appellee directors were occupying it with a school managed and controlled by them, and in charge of a teacher employed and paid by them. We intimated in the case of *Barber* v. *Trustees of Schools,* 51 Ill. 397, that school directors in the actual occupancy of a house by a school, when a trespass is committed, may maintain an action of trespass. By the statute the supervision and control of school-houses is expressly vested in the directors, and they may grant the temporary use of them, when not occupied by schools, for certain specified purposes, and the teachers and pupils are under their immediate control, and it is difficult to see how they could under any circumstances successfully perform the functions required of them, without they have the right to maintain such action. How, otherwise, could they hold possession than by a school under their control and the house yet be occupied for the purposes for which it was intended?

Between the time the winter school was closed and the trespass, there appear to have been various efforts on the part of appellants, by various devices, to get possession of the school-house, and counter moves on the part of appellees to regain possession. These several operations of removing and changing locks, and getting in at the windows, and temporary occupations, strike us as being of but little importance and of no signification whatever. The legal title of the property was in the trustees of schools, but we are wholly unable to perceive how such fact vested the legal title in appellants and thus clothed them with constructive possession. In fact the actual possession was, at the time, in appellees, and was adverse, at least to the claim of appellants.

We are of opinion the damages assessed by the jury are not, under the circumstances of this case, excessive.

The judgment of the court below is affirmed.

*Judgment affirmed.*