HORACE H. KEIGWIN *et al.*

*v.*

DRAINAGE COMMISSIONERS OF HAMILTON TOWNSHIP *et al.*

*Filed at Ottawa November 14, 1885.*

1. CORPORATE EXISTENCE—*remedy whereby it may be questioned.* The legality of the organization or formation of a corporate body, such as a drainage district, and its right to perform corporate acts or functions when it is a *de facto* corporation, can not be questioned by bill in chancery. The proper remedy to test the legality of a corporation, and its power to perform certain acts assumed by it, is by information in the nature of a *quo warranto.*

2. INJUNCTION—*to restrain collection of taxes and assessments.* A tax or assessment for drainage purposes will not be enjoined by a court of equity for mere irregularities or defects in the proceedings not affecting the jurisdiction of the tribunal imposing it. To this rule there is an apparent exception, as, when the element of fraud or intentional wrong on the part of those imposing the tax or assessment enters into the case.

3. Illegality in a tax or assessment resulting from a want of any law, general or special, authorizing it, will alone justify a court of equity in enjoining its collection.

4. An illegality in a tax may occur when the taxing tribunal has exceeded the limits of its power, in which case the tax will be illegal for the excess, only, which may be enjoined.

5. Where the authorities imposing a tax, for any cause fail to obtain jurisdiction of the person affected or subject matter of the suit, but are nevertheless proceeding to sell the land of the defendant, and thereby to create a cloud upon his title, equity will enjoin the proceeding and prevent the threatened injury. In such case the tax is a mere nullity.

·6. SPECIAL ASSESSMENTS—*remedy to correct errors.* If the authorities of a drainage district having authority of law to make assessments upon lands to be benefited by a system of .drainage, while acting within their jurisdiction commit errors not jurisdictional, a .remedy is provided to correct the same by appeal, and the party having an adequate remedy at law must pursue it. He can not fail to avail of such remedy and have relief in equity.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. W. W. RATHBUN, for the appellants:

A corporation must show a grant for all the powers it assumes to exercise, especially the right, by taxing or otherwise, to divest individuals of their property without their consent. *Mix .v. Ross,* 57 Ill. 125; *Vieley* v. *Thompson,* 44 id. 12; *Sharp* v. *Spier,* 4 Hill, 76; *Drake* v. *Phillips,* 40 Ill. 394; *Sherwood* v. *Reade,* 7 Hill, 431.

A sufficient petition is required to give the drainage commissioners power to organize and act, it being a jurisdictional matter. Laws 1879, pp. 120, 121, secs. 2, 4, and p. 143, secs. 3, 4, 5.

Without a sufficient petition the officers had no power to act. *Sharp* v. *Spier,* 4 Hill, 88; *Dean* v. *City of Madison,* 9 Wis. 402.

If the cost and expense will exceed the benefits, no drainage district can be organized. Laws 1879, p. 124, sec. 10; Laws 1883, p. 82, sec. 7; *Smith* v. *Duck Pond D. A.* 54 Ind. 235; *Etchison D. A.* v. *Hills,* 40 id. 408.

A majority of all the adult land owners must sign the petition for the formation of the district. Laws 1879, pp. 120, 121, 143, secs. 2, 3; Laws 1881, p. 87; *Sharp* v. *Spier,* 4 Hill, 87.

The petition must provide a name and number for the proposed district. Laws 1879, p. 121, sec. 2; p. 145, sec. 9; p. 155, sec. 48.

Assessments of benefits must be made by a jury,—not by the commissioners. Constitution 1870, art. 2, sec. 13; Rev. Stat. chap. 47, sec. 9; Laws 1879, p. 126, secs. 17, 18.

Notice of meeting to hear objections must be served personally. Laws 1879, p. 147, sec. 16; Laws 1881, p. 90, sec. 16.

As to the jurisdiction of a court of equity to enjoin the collection of a tax or assessment not legally levied, see *Drake* v. *Phillips,* 40 Ill. 388; *Cleghorn* v. *Postlewaite,* 43 id. 428; *Vieley* v. *Thompson,* 44 id. 9; *Darling* v. *Gunn,* 50 id. 424; *Cumberland County* v. *Webster,* 53 id. 141; *Kimball* v. *Trust Co.* 89 id. 611; *Irvin* v. *Railroad Co.* 94 id. 105; *Searing* v. *Heavysides,* 106 id. 85; *Allwood* v. *Cowen,* 111 id. 481.

Mr. F. E. ANDREWS, for the appellees:

The legality of the formation of a corporation can be called in question only by a direct proceeding for that purpose. The only mode of taking advantage of illegalities and defects in their organization is by information in the nature of a *quo warranto.* *Osborn* v. *People,* 103 Ill. 224; *Renwick* v. *Hall,* 84 id. 162; *Nunda* v. *Chrystal Lake,* 79 id. 311; *Trumbo* v. *People,* 75 id. 561; *People* v. *Newberry,* 78 id. 41; *Aldeman* v. *School District,* 91 id. 179; *Baker* v. *Backus,* 32 id. 79; *Town of Geneva* v. *Lake,* 61 id. 397; *Hyde Park* v. *Boyden,* 94 id. 26.

A court of chancery in this State has no jurisdiction to restrain the collection of a tax or special assessment, except, first, where the tax or special assessment itself is unauthorized by law; second, where the property is exempt from taxation; or, third, where it is fraudulently assessed at too high a rate. *DuPage County* v. *Jenks,* 65 Ill. 275; *Railroad Co.* v. *Frary,* 22 id. 37; *Railroad Co.* v. *County of McLean,* 17 id. 291; *Cook County* v. *Railroad Co.* 35 id. 466; *Swinney* v. *Beard,* 71 id. 30; *Porter* v. *Railroad Co.* 76 id. 596; *Railroad Co.* v. *Cole.* 75 id. 592; *Gage* v. *Evans,* 90 id. 573; *Ottawa* v. *Walter,* 23 id. 610.

A bill to enjoin a tax for a wrongful or illegal assessment, which fails to show an equitable excuse for not seeking relief against the assessment before either the township or county board of review, is bad. *Johnson* v. *Roberts,* 102 Ill. 655; *Felsenthal* v. *Johnson,* 104 id. 21; *McBride* v. *Chicago,* 22 id. 574; *Ottawa* v. *Railroad Co.* 25 id. 43; *Pierce* v. *Kidder,* 26 id. 358.

· Thus it is seen that a court of equity will not restrain the collection of a tax or special assessment, except, first, where the same is unauthorized by law; second, where the property is exempt from the tax or assessment; or, third, where it is fraudulently assessed at too high a rate,—and even then the court will take jurisdiction only where the three following conditions concur: ·

*First*—Where it is clearly made to appear that the party has been wrongfully assessed. *Porter* v. *Railroad Co.* 76 Ill. 596; *Gage* v. *Bailey,* 102 id. 17.

*Second*—And that he will sustain irreparable injury. *Porter* v. *Railroad Co.* 76 Ill. 596; *Cook County* v. *Railroad Co.* 35 id. 466; *Swinney* v. *Beard,* 71 id. 30.

*Third*—And that there is or has been no legal remedy. *City of Ottawa* v. *Railroad Co.* 25 Ill. 43; *City of Chicago* v. *McBride,* 22 id. 574; *City of Peoria* v. *Kidder,* 26 id. 358; *Johnson* v. *Roberts,* 102 id. 655; *Felsenthal* v. *Johnson,* 104 id. 21.

An apparent exception to the three conditions last mentioned will be found in those cases where it is sought to prevent a cloud upon the title or to save a multiplicity of suits. It is to be observed, however, that when this relief is sought it will be granted only in those cases where the illegality or irregularity complained of exists *dehors* the record, and where the defects appear on the face of the record, equity will not interfere. Story's Eq. Jur. sec. 700, and note.

Where a remedy is provided by appeal or *certiorari,* an injunction will not lie. *McBride* v. *City of Chicago,* 22 Ill.

577; *Felsenthal* v. *Johnson,* 104 id. 21; *Johnson* v. *Roberts,* 102 id. 655; *City of Peoria* v. *Kidder,* 26 id. 358.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

The appellants, Horace H. Keigwin and others, filed a bill in the circuit court of Lee county, against the drainage commissioners of Hamilton township, in said county, to enjoin the collection of an assessment levied against the lands of appellants lying in Union Drainage District No. 1, in said township, for drainage purposes. A temporary injunction having been awarded in the case, the court, on motion of appellees, dissolved the same, and entered an order dismissing the bill for want of equity, which, on appeal, was affirmed by the Appellate Court for the Second District. The present appeal is from the judgment of affirmance in the Appellate Court.

The question for determination is, whether the case made by the bill is one of equitable cognizance. If, admitting all the facts stated in the bill, though inartificially charged, the complainants were not, as matter of law, entitled to equitable relief, then there was no error in dismissing the bill. It will only be necessary to advert to a few of the most important averments in the bill, for the purpose of presenting the view we have taken of the case.

The bill, among other things, shows that the complainants are land owners and tax-payers in said Union District No. 1; that in February, 1883, a petition was filed in the office of the town clerk of said township, praying for an organization of a drainage district, specifying the boundaries thereof; that the petition was insufficient in law, and uncertain, etc.; that it failed to designate any name, and did not with sufficient certainty set out the objects and purposes of the district proposed to be organized; that sufficient notice of the filing of the petition was not given by the clerk; that the drainage

commissioners pretend that they organized as a drainage district on the 31st of March, 1883, by name of Union District No. 1; that such pretended organization did not include all lands described in the petition, and included others not mentioned in it; that the commissioners made no estimate of the cost and expenses of the work proposed to be done, and that no evidence was heard by them on that question; that the cost and expenses will exceed the benefits of the proposed drainage; that the assessment is uncertain and insufficient; and the amount is excessive and unreasonable; that insufficient notice was given of the meeting for the consideration of objections to the assessment; that the character and capacity of the work originally proposed to be done have since been changed; that the petitioners whose names appear to the petition were not a majority of the adult land owners in the district, etc.

The foregoing are among the most important charges in the bill, and such as we have not enumerated are of the same general character of those mentioned.

Conceding all the irregularities and defects in the organization and proceedings of the district complained of, the fact nevertheless is apparent upon the face of the bill itself, that it was organized and assumed the functions of a corporate body, and its right to do so, it is conceded, can not be questioned in this proceeding. Notwithstanding this concession on the part of appellants' counsel, it is manifest that many of the averments in the bill directly assail the legality of the organization of the district as a corporate body, and if not made for this purpose, it is not perceived what object there could have been in making them. Be this as it may, since it is clear a court of chancery has no power or jurisdiction to entertain a bill for the purpose of determining whether a corporation *de facto* was legally organized, it follows that the averments in question are to be disregarded, as redundant matter or mere surplusage. Those averments being elimi-

nated from the bill, nothing remains to be considered but such as are supposed to affect the validity of the assessment.

It is clear from the charges in the bill relating to this branch of the subject, that numerous errors and irregularities were committed by the commissioners; but the question is, are they of such a character as to authorize a court of equity to interpose for the purpose of correcting them, for it is not every departure from the law by the corporate authorities, in a proceeding of the character sought to be impeached by the appellants in this case, that will justify a court of equity in interposing for such a purpose. The law, however, affords ample redress for all errors and irregularities of the character complained of, if the objection is taken in the proper forum in apt time. If the tax or assessment sought to be enjoined is illegal merely by reason of some irregularity or defect in the proceeding not affecting the jurisdiction of the tribunal imposing it, equity will not interfere. To this general rule there is an apparent exception where the element of fraud or intentional wrong on the part of those imposing the tax or assessment enters into the case. Nothing, however, of that kind is charged in this case. That illegality in a tax or assessment which results from the fact that there is no law, general or special, authorizing it, will alone warrant a court of equity in enjoining its collection. This may occur where there is no law on the subject authorizing such a tax or assessment, or it may happen where the property taxed or assessed is by law exempt from taxation, or it may occur where the taxing tribunal has exceeded the limits of its power. In that case the tax will be bad for the excess only. The instances here suggested are not intended as limitations, but as illustrations of the principle, merely.

There are also apparent exceptions to the general rule above announced, where the authorities imposing the tax, from some cause or other, have failed to obtain jurisdiction of the person of the defendant, or subject matter of the suit,

23—115 ILL.

but are nevertheless proceeding to sell the land of the defendant, and thereby create a cloud upon his title. In such case equity will enjoin the proceeding and prevent the threatened injury. But the supposed tax in that case is a mere nullity, and therefore comes within the general principle stated. That, however, is not the case here. The bill, in our opinion, fails to show a want of jurisdiction in the commissioners. It simply shows error. For this the law affords ample redress outside of a court of equity, and the jurisdiction is not concurrent. Besides the right of appeal given by the statute if the district was not duly organized and it assumed to act as a corporate body, or if, after having been so organized, it was acting in disregard of the law and abusing its rights and franchises, an information in the nature of a *quo warranto* would lie against it. It is hardly necessary to add, that where the remedy at law is complete and adequate, equity will not assume jurisdiction. The general view here taken is supported by the following authorities: *Renwick et al.* v. *Hall,* 84 Ill. 162; *Osborn* v. *The People ex rel.* 103 id. 224; *Alderman et al.* v. *School Directors,* 91 id. 179; *DuPage County,* v. *Jenks et al.* 65 id. 275; *Chicago, Burlington and Quincy Railroad Co.* v. *Frary et al.* 22 id. 37; *Illinois Central Railroad Co.* v. *McLean County,* 17 id. 291; *Gage et al.* v. *Evans,* 90 id. 569; *Swinney et al.* v. *Beard et al.* 71 id. 27; *Village of Nunda* v. *Village of Chrystal Lake,* 79 id. 314; *Cook County* v. *Chicago, Burlington and Quincy Railroad Co.* 35 id. 466; *Johnson* v. *Roberts,* 102 id. 655; *Felsenthal et al.* v. *Johnson,* 104 id. 21; *City of Peoria* v. *Kidder,* 26 id. 351; *McBride* v. *City of Chicago,* 22 id. 574.

We have no doubt of the correctness of the ruling of the courts below, and the judgment will therefore be affirmed.

*Judgment affirmed.*