DAVID K. TURLEY

*v.*

THE PEOPLE *ex rel.* Mayfield, Collector.

*Filed at Springfield March 27, 1886.*

1. DRAINAGE LAW—*assessment of benefits upon several tracts—whether separately or in gross.* Except under special circumstances showing that section lines have ceased to be regarded as descriptive of a tract of land, as, where lots are platted ignoring such lines, tracts in different sections should be assessed for benefits and valued separately, under the Drainage law. But the owner may waive his right to have them valued and assessed separately, by failing to make any objection to their being assessed in gross.

2. SAME—*right of land owner to contest assessment of benefits.* Under the Drainage law the land owner has the clear right to contest before the commissioners, and also before the supervisors, on appeal, the reasonableness of assessments against each one of his tracts assessed for benefits.

3. SAME—*change in assessment of benefits after appeal—powers of drainage commissioners in that regard.* After an appeal has been taken from an assessment of benefits by the drainage commissioners against lands, their powers over the matter, except as to purely formal defects, are gone, and any substantial change in the assessment made by them after such appeal will be a nullity.

4. Drainage commissioners assessed a party's lands, being the west half of the north-west quarter of section 35, the south-west quarter of the south-east quarter of section 27, and the north-west quarter of section 34, as one body of two hundred and eighty acres, a gross sum of $420 for benefits, which assessment was affirmed in all respects by the supervisors on his appeal. A certified copy of the assessment roll was thereupon delivered to the treasurer of the drainage district, who returned the lands to the county collector as delinquent, after which the latter called before him the drainage commissioners, who, in the absence of the land owner, and without notice to him, changed the description of the last named tract to north-east quarter of section 34, and apportioned the $420 between the several tracts. This change was set up as an objection to an application for judgment against the lands. The court sustained the objection as to the north-east quarter of section 34, but gave judgment as to the other tracts: *Held,* that the attempted change and amendment of the record after the appeal were without authority of law, and that the court erred in rendering judgment against any of the lands.

APPEAL from the County Court of Logan county; the Hon. STEPHEN A. FOLEY, Judge, presiding.

28—116 ILL.

Mr. R. C. Maxwell, and Messrs. Beach & Hodnett, for the appellant.

Mr. S. G. Allen, and Messrs. Blinn & Hoblitt, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

But one question need be considered upon this record. The commissioners of a drainage district, organized by virtue of the provisions of the "Drainage act," approved May 29, 1879, (1 Starr & Curtiss' Comp. 942,) assessed the benefits against lands assumed to be owned by appellant, and the amount, consequently, to be charged against them, as follows:

| Owner's name. | Description of premises affected. | Section | Town. | Range. | Acres. | Amount taken | Amount of benefits. |
|---|---|---|---|---|---|---|---|
| D. K. Turley.. | W ½ of the NW ¼ .. <br> SW ¼ of the SE ¼ .. <br> NW ¼ ............ | 35 <br> 27 <br> 34 | 19 | 3 | 280 | 1½ | $420 |

After hearing objections to the assessment by appellant, it was confirmed, without any change in the description of the land or in the amount assessed, or in the way the amount was assessed against the lands. Appellant then appealed to three supervisors of the county, and they, after hearing all objections, affirmed the order of confirmation of the commissioners, without changing a letter or figure. A certified copy of the assessment roll was then delivered to the treasurer of the drainage district, and he, in due time, returned the lands delinquent to the county collector. After this return was made to the county collector, that officer called the commissioners of the drainage district together, and in the absence of and without any notice to appellant they then

changed the description of the north-west quarter of section 34 so as to read the north-east quarter of section 34, and apportioned the amount, which, up to that time, had stood assessed as a single sum against the entire lands as if constituting one tract, so that after their changes and emendations the delinquent record read as follows:

| Owners' Name. | Description. | Section. | Acres. | Tax. |
|---|---|---|---|---|
| D. K. Turley......................... | SW SE..... | 27 | 40 | $51 72 |
| D. K. Turley.... .................... | NE......... | 34 | 160 | 51 72 |
| D. K. Turley......................... | W ½ NW.... | 35 | 80 | 113 06 |

And in this form the collector gave notice of delinquency, and of his intention to apply for judgment for these amounts against these separate tracts. Appellant appeared, and objected that the assessment, as thus changed and amended, was void, etc. The court sustained the objection as to the north-east quarter of section 34, but gave judgment against the south-west quarter of the south-east quarter of section 27, —forty acres,—for $51.72, and the west half of the north-east quarter of section 35,—80 acres,—for $113.05. Was this change and amendment within the powers conferred upon those officers?

It is provided by the 14th section of the act under which the proceedings were had, *ut supra,* that "the commissioners shall assess to each tract of land its proportionate share of the entire cost of such work, but in no event shall any tract of land be assessed for benefits in a greater amount than its proportionate share of the estimated cost of the work and all expenses of proceedings, nor in a greater amount than it will be benefited by the proposed work, according to the best judgment of the commissioners; and they shall make out and

file in the office of the town clerk an assessment roll, in which shall be set down in proper columns the names of the owners, when known, and when unknown, stating "unknown;" a description of the premises affected, in words or figures, or both, as shall be most convenient; the number of acres in each tract; the amount of land taken from such tract and the value thereof, and if damages are allowed, the amount of the same, and if benefits are assessed, the amount of the same; and in case damages are allowed to and benefits assessed against the same tract of land, the balance, if any, shall be carried forward to a separate column for damages or benefits, as the case may be." The 18th section of that act provides, that "at the time of meeting for hearing objections to the special assessments made by the commissioners, they shall hear whatever objections may be urged, by any person interested, to any special assessment made by the commissioners. * * * Any person appearing and urging objections who is not satisfied with the decision of the commissioners in confirming a special assessment against his lands, may appeal from the decision of the commissioners to three supervisors of the county." And the 20th section of the act requires the supervisors, on such appeal, to examine the assessment roll, and, if need be, hear evidence and visit the lands, and empowers them to annul the whole or any part of the assessment that they may deem excessive, and to cause the assessment roll to be corrected in accordance with their decision.

Had the objection been made, either before the commissioners or the supervisors, that a sum in gross was improperly assessed against separate tracts of land, it should have been sustained, for it has been said in *Spellman* v. *Curtenius*, 12 Ill. 409, and *Moore, Ex'x* v. *The People ex rel.* 106 id. 380, that two or more disconnected tracts of land should not be listed and valued together, and, unless under exceptional circumstances showing that section lines have ceased to be

regarded as descriptive of a tract, as, for instance, where lots are laid out and platted ignoring section lines, we think that tracts in different sections, though adjoining each other, should not be assessed and valued together. But this is very clearly a privilege which the owner may waive, and if he appear before commissioners or supervisors, making other objections, and saying nothing about this objection, he will be deemed to have waived it. But that question in this case can only be important after the cause is remanded. The omission of one tract of land and the substitution of another for it, and the apportionment of the whole amount assessed against the tracts of land as thus changed, quite clearly make an entirely new assessment. Under the sections we have quoted, appellant was entitled to contest, not only before the commissioners, but also before the supervisors, on appeal, the reasonableness of the assessment as against each of these tracts. He has never had any opportunity to make this contest.

Except as to purely formal defects, and those sought to be removed by the changes and emendations here made were not of that character, the jurisdiction of the commissioners was exhausted after their appeal to the supervisors. Their attempted change and amendment of the record, after that time, was therefore without authority of law, and is a nullity.

The judgment is reversed and the cause remanded.

*Judgment reversed.*