DANIEL EVANS *et al.*

*v.*

THOMAS A. LEWIS *et al.*

*Filed at Springfield September 27, 1887.*

DRAINAGE DISTRICT—*legality of organization—extending boundaries—of the remedy to bring in question such matters.* The legality of the formation and organization of a drainage district, or of the extension of its boundaries so as to take in additional lands, can not be inquired into or questioned by a bill in chancery to enjoin the collection of assessments. The proper remedy in such case is by *quo warranto.*

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. E. L. SWEET, for the appellants:

The doctrine is well established in this State that the owner of the dominant heritage may make such drainage as is needful for the purposes of good husbandry, and the servient estate can not complain. *Peck* v. *Herrington,* 109 Ill. 611.

If the commissioners were not authorized to take these lands into their drainage district, and tax them to support their system of drainage, then the remedy in equity was proper. *Cumberland County* v. *Webster,* 53 Ill. 141; *Vieley* v. *Thompson,* 44 id. 9.

Mr. WILLIAM B. WEBBER, also for the appellants, contended that the enlargement of the district was unlawful, and that proper notices were not given. Also, that the bill in chancery was the proper remedy. *People* v. *Whitcomb,* 55 Ill. 172.

Mr. FRANCIS M. WRIGHT, for the appellees:

The boundaries of the district were properly and legally extended, and if not, the proper remedy was *quo warranto,* and not bill in chancery. *Keigwin* v. *Drainage Comrs.* 115 Ill. 347; *Blake* v. *People,* 109 id. 504; *Osborn* v. *People,* 103 id. 224.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by the appellants, to enjoin the collection of a special assessment levied by the commissioners of Big Slough Special Drainage District, in Champaign county. In the amended bill it is alleged, that on or about the 8th day of June, 1880, under an order of the county court of Champaign county, pursuant to law then in force, a drainage district was organized, under the corporate name of "Big Slough Special Drainage District," which district embraced certain lands situated in the towns of Ludlow, Rantoul, East Bend and Condit, and its boundary lines then established, under an act entitled "An act to provide," etc., approved May 29, 1879, and now pretends to operate under an act entitled "An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved in 1885; that orators are the owners of the following described lands not situated within said district, (describing them); that as such owners of lands lying out of said district, they, or either of them, have not connected the drainage of their said lands with the ditches of said district since its organization, or since the completion of any supposed ditches of said district, and that no tract of said land is involved in the same system of drainage of said district; that said lands do not require a connection with the said drainage district to protect the same from wash or overflow, and that, for agricultural and sanitary purposes, complainants' said lands are not benefited by being connected with said drainage system or included in said district; that the drainage commissioners of said district, without lawful authority, have enlarged the boundaries of said district, or claim to have done so, by including in said district the lands above described; that said commissioners took said action of their own determination, without a petition being presented to them of as great a proportion of land owners of the dis-

trict so pretended to be enlarged, as required by law, for the formation of an organized district; that no notice was given complainants of the pendency of any proceeding to attach their lands to said drainage district; that said commissioners have assessed said lands for drainage purposes, and threaten to collect the same by process of law.

The defendants answered the bill, admitting the organization of Big Slough Special Drainage District, and that Thomas A. Lewis is the treasurer of said district, and that the defendants are the commissioners thereof; that complainants own the lands as stated in said bill; deny that said lands are outside of the district, but, on the contrary, have been duly and lawfully included in said district; they were proper lands to be so included; deny that the boundaries of said district were extended without lawful authority. Defendants deny that complainants were denied the right and opportunity to show that these lands were not washed or overflowed, but, on the contrary, due and legal notice was given of the time and place of the meeting of said commissioners, when and where they would hear objections to the classification of said lands, as by law required; that all other notices required by the statute were given, and that said commissioners had jurisdiction over said lands and to make said special assessments, as by law conferred; deny that complainants are entitled to the relief prayed for in said bill.

A replication having been filed to the answer, a hearing was had on the pleadings and evidence, and upon such hearing a decree was rendered dismissing the bill.

It is conceded that Big Slough Special Drainage District was properly and legally organized under the Drainage act of 1879, but the action of the commissioners in enlarging the boundaries of the district, including therein the lands of complainants, on the 4th day of September, 1885, is claimed to be illegal, and, being illegal, the claim is that the commissioners had no authority to assess complainants' lands.

Section 42, act of 1885, page 90, among other provisions, contains the following: "Drainage commissioners may, at any time, enlarge the boundaries of their district by attaching new areas of land which are involved in the same system of drainage, and require for outlets the drains of the district made, or proposed to be made, as the case may be, on petition of as great a proportion of the land owners of the district so enlarged as is required for an original district. All changes thus made in the district shall be duly noted and shown upon the map and recorded in the drainage record. The commissioners shall proceed to classify the lands thus added to the district, and such lands shall be classified, and assessed or taxed with their fair proportion of the costs of the work done, or to be done, in like manner and upon the same basis as it would have been made had the new area been included in the district at its organization." It appears from the evidence introduced on the hearing, that a petition was presented to the commissioners to enlarge the boundaries of the district so as to include the lands of complainants and others, under this section of the Drainage act, and the commissioners acted under this section of the act, and enlarged the district. After the district was enlarged, the lands were classified and assessed as is provided for in the act.

In *Trumbo* v. *The People,* 75 Ill. 562, it was held that a school tax can not be resisted on the ground that the district levying the same was illegally formed. It is there said, that the only mode in which the illegality can be inquired into and taken advantage of, is by information in the nature of a *quo warranto.* In *Alderman* v. *School Directors,* 91 Ill. 179, the court again held that the legality of the formation of a school district can not be inquired into in a collateral proceeding. In *Osborn* v. *The People,* 103 Ill. 226, which was a proceeding for the collection of a special assessment for drainage purposes, it was held that the legality of the organization of a corporation can be attacked and judicially examined only

31—121 Ill.

in a direct proceeding, by *quo warranto.* In *Blake* v. *The People,* 109 Ill. 508, which was also a proceeding to collect a special assessment levied by a drainage district, the right to question the organization of the drainage district again arose, and it was expressly held that the existence of the corporation could not be questioned collaterally. In *Keigwin* v. *Drainage Comrs.* 115 Ill. 347, where a bill was filed to enjoin an assessment levied on certain lands by the authorities of a drainage district, on the ground that the organization of the district was illegal, we held that the legality of the organization or formation of a corporate body, such as a drainage district, and its right to perform corporate acts or functions when it is a *de facto* corporation, can not be questioned by bill in chancery.

Under the rule established in the cases cited, it is a plain proposition that the legality of the organization of the district in question can not be called in question by bill in equity. The action of the drainage commissioners, to enlarge the boundaries of the district on the prayer or petition of certain land owners, may be regarded as the organization of the district, in so far as the lands are concerned which were then, for the first time, taken into the district; and whether the drainage commissioners proceeded, in all respects, as required by the Drainage act, is a question which can not be raised by this bill. If the boundaries of the district were not lawfully extended, and the drainage commissioners undertake to exercise powers or franchises over or upon lands not lawfully within the bounds of the district, their right or authority to act as to these lands may be called in question by *quo warranto;* but a bill to enjoin the collection of the assessment is not the proper remedy.

The decree of the circuit court will be affirmed.

*Decree affirmed.*