## FELIX W. CALKINS

### v.

## D. C. SPRAKER AND HENRY A. BUTZOW.

*Drainage—Notices—Relief for Irregularities—Bill—Quo Warranto—Special Assessments—Sale—Bill to Set Aside Certificates.*

1. A bill in equity does not lie for relief on account of any irregularity or insufficiency in the statutory notices antedating the order of the County Court confirming the report of the commissioners, and finding that a drainage district is duly established.

2. Where the jury has completed the assessment of damages and benefits, only posted and published notices of the time and place for hearing objections are required to be given.

3. In the case represented, it is *held:* That the bill, filed by a non-resident owner to set aside, as clouds upon his title, certain certificates of purchase issued upon a sale made to collect special assessments, will not lie; and that the notices of the time and place for objecting to such assessments were sufficient.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. C. H. & C. B. WOOD, for appellant.

In special proceedings, in order to fix a lien upon lands

affected, against the owner's wishes, the provisions of the statute must be observed. This is especially true where it is sought to be done by constructive notice. In such case, all the requirements of the statute must be observed, in order to authorize the court to proceed and fix the lien. Scott v Brackett, 89 Ind. 418; Steinbach v. Leese, 27 Cal. 295; Staples v. Fairchild, 3 N. Y. 41; Payne v. Young, 8 N. Y. 158.

All provisions designed to give the owner the opportunity of a review of the assessment, whether by the assessors themselves or an appeal from their conclusions, are exclusively in his interest. Every notice which the statute provides for to that end, whether by publication or otherwise, must be given with scrupulous observance of all its requirements. The notice can not be shortened a single day without rendering it ineffectual, the presumption being that the law has made it as short as was deemed consistent with due protection.

The same rules apply to any notice required of subsequent proceedings; if required to be given within a certain time, or in any prescribed mode, it must be so given. Cooley on Taxation, 2d Ed. 287, and cases there cited.

Whatever statutory proceedings are made for notice and hearing must be regarded, under the rules of construction already given, as mandatory. A compliance with them in all essential particulars should, therefore, be held a condition precedent to any further proceedings. Cooley on Taxation, 2d Ed. 365; Nashville v. Weiser, 54 Ill. 245; Mix v. People, 72 Ill. 241.

If the record shows a certificate of the publication of notice not such as the law required to give jurisdiction, a recital in the orders and judgment that notice was properly given will not avail to sustain the judgment. Wallahan v. Ingersoll, 117 Ill. 123.

It was erroneously supposed that this bill seeks to question the organization of the district. It is framed upon no such theory and asks no such relief. The bill is framed solely to set aside the certificates of sale. If the assessments were illegal for want of notice to the owner, this must be done, but as it is claimed, in effect, that if there was proper constructive notice at the organization of the district, the owner is bound

by all the subsequent proceedings, it was necessary to trace the proceedings from their inception to show the want of jurisdiction as to this particular land. This party had no notice in fact or in law, and yet it is claimed that his property shall be sequestrated without a hearing.

Messrs. TRACY B. HARRIS and KAY & EVANS, for appellees.

The bill strikes at the legality of the organization of the district. It attacks the validity of the notices given for the hearing on the petition, and on the commissioners' report, which precede the final organization as provided in Sec. 19. This can not be done by a bill in chancery. Being a corporation *de facto* its existence can not be attacked collaterally. Blake v. People, 109 Ill. 504; Keigwin v. Drainage Commissioners, 115 Ill. 347.

BAKER, J. This was a bill in chancery exhibited by Felix W. Calkins, the appellant, against appellees, to set aside as clouds upon his title certain certificates of purchase issued upon a sale made to collect special assessments for ditch purposes on 280 acres of land in Sec. 8, T. 27 N., R. 12, W. of the 2d P. M., in Iroquois County, Illinois.

George C. Tallman, of Brooklyn, New York, acquired the title to said lands by deed, which was duly recorded on the 24th day of October, 1879. An exemplification of the will of said Tallman was placed upon the records of Iroquois County on the 28th of August, 1880, showing a devise of said lands in trust to F. H. Lawrence, executor; and on June 25, 1883, said executor, F. H. Lawrence, by virtue of the powers conferred in the will, conveyed the lands to appellant.

A drainage district known as "Middleport Drainage District No. 1," which included the tracts of land in question, wa formed, upon a petition which was filed in the County Court of Iroquois County, on the 27th day of March, 1882. The County Court, on the 24th of May, 1882, heard and determined the matters pertaining to the formation of the drainage district, and appointed three commissioners to lay out and construct the proposed work. The commissioners made to the

court a report of their conclusions and filed therewith a copy
of their surveys, profiles, plans and specifications, and also a
plat of the district showing the lands embraced therein by
sections and parts of sections. This report of the commis-
sioners was confirmed by the court on the 11th day of Sep-
tember, 1882, and thereupon a jury of twelve men was im-
paneled to make an assessment of damages and benefits. The
jury made an assessment, and the 20th day of November,
1882, was fixed upon as the time for hearing objections there-
to, and on the 21st of November, all objections having been
heard, the assessment was confirmed and certificate made.
The assessment so made and confirmed included the assess-
ments for which the lands in question were sold and upon
which the certificates of purchase in controversy were based.

It is conceded that the County Clerk caused three weeks'
notice of the presentation and filing of the petition for the
organization of the drainage district to be given by posting
notices thereof in at least five of the most public places in the
proposed district in which the work was to be done, and also
by publishing a copy thereof at least once a week for three
successive weeks in a newspaper published in the county in
which the district was proposed to be formed. Nor is it
claimed otherwise than that the County Clerk caused notice
to be given in the same manner, stating the time of the filing
of the reports of the commissioners and upon what day appli-
cation would be made for the confirmation of such report. It
is also admitted that at least ten days' notice was given by the
commissioners of the time and place for hearing objections to
and correcting the assessments made by the jury, by publica-
tion in a newspaper and by posting notices in the district.

The contention of appellant is that F. H. Lawrence, execu-
tor of George C. Tallman, deceased, and owner in trust of the
lands, was a non-resident of the County of Iroquois and of the
State of Illinois, and that under the state of facts appearing
in the record the name and place of residence of the owner of
said lands was not unknown, or shown by the affidavit filed
with the petition to be unknown; and that there was no ap-
pearance by Lawrence, or by any one representing the estate
of George C. Tallman, deceased, in the proceedings had eithe

upon the 24th of May, 11th of September, or 20th or 21st of November, 1882; and that neither the County Court, or the commissioners, or the jury impaneled, acquired any jurisdiction of the owner or of the lands, so as to create by their proceedings a valid lien on said lands.

By the amendatory act in force May 19, 1881, the third section of the act, approved and in force May 29, 1879, was so amended that in addition to the notices by posting and by publication in a newspaper as provided for in the original section, it was required that, "if any of the land owners of said district are non-residents of the county or counties in which the proposed district will lie, the petition shall be accompanied by an affidavit, giving the names and places of residence of such non-residents, if known, and if unknown, stating that, upon diligent inquiry, their places of residence can not be ascertained; and the clerk shall send a copy of the notice aforesaid to each of said non-residents whose residence is known, within three days after the first publication of the same."   Sec. 13 of the Act of 1879 was not expressly amended by this Act of 1881, but it would seem it was amended thereby by necessary implication.   It was provided in said Sec. 13 that notice should be given of the day application would be made for the report of the commissioners "in the same manner as is provided in Sec. 3."

But, the notices to be posted, and sent or mailed, and the publication to be made under Sec. 3, both as it originally stood and as amended in 1881, and under Sec. 13, are all preliminary in their character and pertain to the organization of the drainage district.   It is only after the order of confirmation provided for in Sec. 16 of the act is made and entered of record in the County Court that the proposed drainage district becomes in fact and in law a drainage district.   The declaration and mandate of the statute is that upon the order of confirmation being entered of record, the drainage district is a body politic and corporate, with the right to sue and be sued, and adopt and use a corporate seal, and have perpetual succession and exercise the functions conferred upon drainage districts by law.

In the case at bar the conclusion must be that when, on the

11th day of September, 1882, the County Court made the statutory order of confirmation confirming the report of the commissioners and finding that the drainage district was duly established as provided by law, and said order was duly entered of record, then the Middleport Drainage District No. 1, became and was a drainage district and a body politic and corporate *de facto*, even if not *de jure*. Whether or not it became a drainage district *de jure*, to the extent it was declared to be a district by the order of confirmation, we have no power here to determine. For any irregularity or insufficiency of the statutory notices antedating the order confirming the report of the commissioners, no relief can be obtained by bill in chancery, and the only remedy, if any there be, is by an information in the nature of a *quo warranto*. Blake v. People, 109 Ill. 504; Huston v. Clark, 112 Ill. 344; Keigwin v. Drainage Commissioners, 115 Ill. 347. In Evans v. Lewis, 121 Ill. 478, it was held that if drainage commissioners undertake to exercise powers or franchises over or upon lands not lawfully within the bounds of the district, their right or authority to act as to these lands may be called in question by *quo warranto*, but can not be called in question by bill in equity.

When the jury have completed their assessment, the only notices required to be given of the time and place objections to the damages and benefits assessed will be heard, are notices of at least ten days, by posting notices in five or more of the most public places in the district, and by publishing a copy thereof in a newspaper published in the county. . Sec. 19 of the Act of 1879 expressly and in terms limits the notices to be given to posted and published notices; and no sending or mailing of notices to non-resident land owners is required in that regard. There is a very essential difference in respect to the extent to which the provisions of Sec. 3 of the statute is, by reference, incorporated into and becomes a part of Secs. 13 and 19, respectively. In this case the notice given under Sec. 3 was all that the statute required.

We find no error in the decree of the Circuit Court dismissing the bill of complaint of appellant. The decree is affirmed.

*Decree affirmed.*