HUBERT REYNOLDS ET AL.

v.

THE MILKS GROVE SPECIAL DRAINAGE DISTRICT
ET AL.

*Drainage—Taxes—Lerying and Collection of—Court of Chancery—
Jurisdiction of—Correction of Irregularities.*

A bill in chancery seeking to enjoin drainage commissioners from levying and collecting taxes, is properly dismissed for want of jurisdiction where it appears on its face that the commissioners were acting within their powers.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. C. H. Payson, for appellants.

Messrs. Kay & Euans, for appellees.

C. B. Smith, J.   This was a bill in chancery filed by appellants against the Milks Grove Drainage District of Iroquois County, Illinois, and the unknown owners and holders of the bonds of said district, which had before then been issued and sold by the commissioners of the district.   The bill recites the organization of the district, and goes at length into the details leading up to its complete organization, giving the survey and platting the first or main ditch in the district, and alleges that it was only through false and fraudulent representation on the part of the commissioners and others that there was to be but one ditch dug ; that enough names were secured to the petition to organize the district.   It is alleged that under the original survey and platting it was ascertained that the cost of the proposed drain would be $14,047.50; that there was but one classification of the land within the district and that the assessment of the first levy of $14,047.50 was made with reference to the full amount of benefits to be derived from the ditch by the various land owners.   It is alleged that after the commissioners entered upon the construction of the first and main ditch and before they had completed it they determined to make a number of lateral drains or ditches, and with that end in view, directed their surveyor to proceed to locate and plat eighteen lateral ditches within the territory of the district, which he proceeded to do, and upon filing his report he also filed the estimated cost of such additional or lateral drains, fixing the cost at $20,000.   The report and plat located all the new drains, giving their size, length and direction.   Afterward, in October, 1886, the commissioners filed their tax list, showing the amount assessed to each tract of land, without having made a new or different classification from the one used for the original ditch.

The bill further alleges that the assessment of the second tax on the basis of the original classification was unequal and unjust, and not in proportion to the benefit derived by the

different land owners, and further charges that the sum of the two levies is in excess of the benefit derived by the land owners' and in excess of the constitutional limit of taxation. The bill also alleges that the complainants have had no opportunity of showing that the second levy was unjust and oppressive until the filing of the bill, and that no notice was ever given them or either of them.   That the second survey or assessment was to be made, and that they were not informed thereof in any wise, until after filing of the second tax list.

The bill prayed for an injunction restraining the commissioners from doing anything until the second levy, and asked that the collection of the bonds be restrained, etc.

The answer admitted the organization of the district, making the original ditch, making both levies as alleged, and the assessments on the several tracts of land under the original classification, and the necessity for these lateral drains; that it was well understood by all concerned that these lateral drains were to be made as a part of the work in hand in order to drain the land, and that complainants fully understood that this subsequent work was to be undertaken and done.   The answer denies that the tax is excessive or equal in any case to the benefits.   Denies the jurisdiction of the Circuit Court and denies all fraud, etc.   The answer was sworn to.

The foregoing recital contains the substance of the bill and answer.   At the March term of court, 1889, the defendant moved to dissolve the injunction upon bill and answer, which motion the court allowed and dismissed the bill.   Appellants now bring the record here by appeal and assign the action of the court in dissolving the injunction and dismissing the bill as error.

We shall only consider the question of the jurisdiction of the Circuit Court to entertain this bill, for the correct answer to that question must be fatal to appellants. The bill admits the legal existence of the drainage district and that the commissioners were lawfully in the discharge of their duty when they entered upon the work.   It is clear from the averments in the bill, without any reference to the

answer, that the commissioners had jurisdiction both of the subject-matter and the persons of the complainants. The land under certain circumstances was subject to be assessed for this drainage by these drainage commissioners. The land covered by these eighteen lateral ditches was all within the boundaries of the district and might be assessed under the statute for the purpose of drainage. The 41st section of the drainage act of 1885, clearly and expressly contemplates an extension of the original plan of drainage, and provides that if from any cause the lands in the district are not properly drained, then the commissioners shall use the corporate funds to carry out the original purpose, so that all the lands shall have their proper and equal benefits as contemplated when the lands were classified; and it also provides that if the original levy shall not produce sufficient funds for that purpose, then the commissioners shall make a new tax levy. In sections 21 and 60 of the same act it is provided that the classifications, when established, shall remain as a basis for such levy of taxes as may be needed for the lawful and proper purpose of the drainage district. Under these sections of the statute it is very clear that the commissioners were doing what the law at least permitted, if not required at their hands, and were, therefore, within their jurisdiction. Whether they were proceeding in strict conformity with all the requirements of the statute it is not necessary to inquire, for if they had jurisdiction and the property was subject to be assessed or taxed for the purpose of drainage, then it is well settled that a court of chancery will not interfere by bill or injunction to stop its collection, or to inquire into the regularity of the proceedings of the officer appointed by law to assess and collect the tax. Buck v. The People, 78 Ill. 560; Thatcher v. The People, 79 Ill. 597.

Appellants urge in their bill that they were not notified by the commissioners of this second levy and assessment, but there is no direct averment in the bill that they did not know of it so as to appear before the commissioners and object to it. This was their duty, and if aggrieved by the action of the

commissioners it was their duty to appeal.     Blake v. The People, 109 Ill. 504.

An appeal gave the parties an adequate remedy and it was their duty to use that remedy.    Keigwin v. Drainage Com's, 115 Ill. 347; Turley v. The People ex rel., 116 Ill. 433; Morrell v. Drainage District, 118 Ill. 139.

But aside from the inflexible rule that a court of chancery will not interfere to enjoin a tax for mere irregularity not affecting the jurisdiction, it has been recently decided by the Supreme Court of this State in the case of the People ex rel., etc., v. Chapman, 19 N. E. Reporter, 872, filed at Ottawa, January 25, 1889, that no notice to the parties of a second assessment is required under the statute.    Finding as we do that the commissioners were acting within their jurisdiction both as to persons and subject-matter of the suit, and that the statute authorized the tax, we hold that the Circuit Court properly refused to entertain jurisdiction of the bill in this case for the correction of mere irregularities, and the motion to dissolve the injunction and dismiss the bill was properly allowed and the decree of the Circuit Court is affirmed.

*Decree affirmed.*