HARNEY *et al.*, *Appellants*, v. DONOHOE *et al.*

1. **Non-Resident Alien:** REVISED STATUTES, 1845: REAL ESTATE.
   Under the provisions of Revised Statutes, 1845, and Revised Statutes,
   1835, an alien non-resident of the United States could not acquire
   title to real estate by descent or purchase.

2. ———— : PERSONALTY. Nothing in the statute or common law,
   however, prevented non-resident aliens from taking as distributees
   of personal property.

3. **Administration:** TRUST. An executor or administrator is a
   trustee, and when he purchases property with funds of the estate,
   he holds it in trust for the estate and those entitled to it, and it
   makes no difference whether the deed be to him as executor or
   administrator or not.

4. ———— : REAL ESTATE. Where a decedent had purchased real estate,
   taken a title-bond therefor and paid part of the purchase price, and
   the administrator completed the payments and took a deed to him-
   self as administrator, he held the property for the benefit of those
   entitled to the real estate. And it appearing that the adminis-
   trator was the sole heir, the property became his after the pay-
   ment of the debts of the estate.

5. ———— : ———— : LIMITATIONS. Where, in such case, the adminis-
   trator used the property as his own and had open and notorious
   possession for a period of thirty years after final settlement, that of
   itself constitutes a complete defense.

*Appeal from St. Louis City Circuit Court.*—HON.
SHEPARD BARCLAY, Judge.

AFFIRMED.

*J. M. Holmes* for appellants.

(1) ⸬ Upon the death of Francis Donohoe his brother
Terence became his heir, so far as his real estate was
concerned, to the exclusion of his sister Margaret Reilly
and his brother John Donohoe, ancestor of plaintiff, as
they were aliens. (2) The sister Margaret and the

brother John were, however, entitled to a distributive share of the personal estate of Francis. *Greenia v. Greenia*, 14 Mo. 526. (3) When Terence Donohoe took out letters of administration upon the estate of Francis, he became a trustee : first, for the creditors of Francis ; second, as to the surplus remaining after paying the debts, for his brother John, his sister Margaret, and himself in equal proportions. As administrator he had no concern with the real estate of Francis, nor had he any title thereto. (4) The question for consideration is, what was the effect of taking a deed, pending administration, to himself as administrator of Francis. (5) The conveyance upon its face created a trust. The words, "administrator of Francis Donohoe, deceased," cannot be treated as *descriptio personae*. *Hagon's Heirs v. Welcker*, 14 Mo. 177 ; *Little v. Lesia*, 5 Mich. 119 ; *Rood v. Winslow*, 2 Doug. ( Mich. ) 68 ; *Clausen v. LeFranz*, 1 Clarke ( Ia.) 271 ; *Harper v. Archer*, 28 Miss. 212 ; *Seaman v. Cook*, 14 Ill. 501 ; *Saberton v. Skeels*, 1 Russ. & My. 587 ; *Crawford's Trusts*, 2 Drew, 230 ; *Allen v. Thorp*, 7 Beav. 72 ; *Howell v. Gayler*, 5 Beav. 157 ; *Mackenzie v. McKenzie*, 3 Mac. & G. 559 ; *Long v. Watkinson*, 17 Beav. 471 ; *Lang v. Blackall*, 3 Vesey, 486 ; *Ripley v. Waterworth*, 7 Vesey, 438 ; *Wellman v. Bowring*, 1 Sim. & Stu. 24 ; *Wellman v. Bowring*, 2 Russ. C. C. 374 ; *Wellman v. Bowring*, 3 Sim. 328 ; *Rogers v. Paterson*, 4 Paige ( N. Y. ) 409 ; *Westfaling v. Westfaling*, 3 Atk. 466.

*J. L. Torrey* for respondents.

BLACK, J.—This is a suit to compel the defendants to convey to two of the plaintiffs, one-half of a lot, 33 by 85 feet, in the city of St. Louis. The agreed statement discloses the following facts : Francis Donohoe purchased the lot from O'Fallon, in 1839, and received a bond for a conveyance, conditioned upon the payment

of four hundred and fifty dollars. Francis Donohoe died in September, 1842 ; at that time he had paid all the purchase price except the sum of. ten dollars. Terence Donohoe, brother of the deceased, took out letters of administration in September, 1842, and, among other property, inventoried this title-bond. He made final settlement of the estate and was duly discharged in September, 1847.

On January 1, 1844, Terence Donohoe, having personally completed the payment of the sum of four hundred and fifty dollars, took a deed from John O'Fallon to the lot in controversy to "Terence Donohoe, administrator of Francis Donohoe, deceased ;" from and after said conveyance he personally held open and notorious possession of, and used and occupied said land in controversy for his own use, and improved it until the year 1878, when, without consideration, he conveyed the same to his son, John F. Donohoe, and his daughter, Margaret Kortzendorffer, defendants, in undivided equal portions. Francis Donohoe died, leaving as his nearest of kin his brother Terence, who became administrator, and who then resided in this state. He also left a sister, Margaret Reilley, and a brother, John Donohoe, both of whom resided in Ireland. John died there in 1867, leaving four children, Mary Harney and Ann Donohoe, the plaintiffs in this suit. They came to this state in 1856 and 1863. John Donohoe also left two boys, who have not been heard from for seven years and more. Neither Margaret Reilley nor her children, if any she had, ever left Ireland.

Under the statutes of this state, as they existed from 1835 to 1845, a resident alien could acquire real estate here by descent or purchase. R. S., 1835, p. 66 ; R. S., 1845, p. 113. These statutes did not apply to aliens non-residents of the United States. *Wacker v.*

*Wacker*, 26 Mo. 426. Terence Donohoe therefore inherited the real estate belonging to Francis, at the time of the death of Francis. The other brother and sister of deceased, being aliens and residing in Ireland, could take no interest whatever in the real estate. As to that Terence was the sole heir. Nothing in the statute or the common law, however, prevented the non-resident aliens from taking as distributees of the personal property. *Greenia v. Greenia,* 14 Mo. 526. The claim of the plaintiffs then is, that when Terence took the deed from O'Fallon to himself as administrator, he held the property for the distributees and not for the heirs.

An executor or administrator is a trustee, and when he purchases property with funds of the estate, he holds the property in trust for the estate and those entitled thereto ; and it makes no difference whether the deed be to him as executor or administrator or not. But it does not follow that this property must be treated as personal property. The statute, as far back as 1835, enacted that, where the deceased had purchased real estate and not completed the payment, and the completion of the payment would be beneficial to the estate and not injurious to the creditors, the administrator might, by order of the court, complete the payment out of assets in his hands, "and such real estate shall be disposed of as other real estate." R. S. 1835, sec. 2, p. 51. Francis Donohoe, at the time of his death, had an equitable title to this property. His interest therein was a real estate interest. Had the administrator paid the ten dollars, balance of the purchase price, out of the assets of the estate by order of the court, the property would have been real estate and descended to the heirs of the deceased. That he paid the balance of the purchase price from his own funds can be of no disadvantage to him. When he took the deed to himself as administrator he held the property for the benefit of those entitled to the real estate. Terence Donohoe,

being the sole heir, held the property for himself, after the payment of the debts of the estate. It was real estate from first to last, and neither the plaintiffs nor their ancestor ever had any right to it or any part thereof. As a general rule, the administrator has nothing to do with the real estate, where there is sufficient personal property to pay the debts; but in cases like this, where the purchase price of real estate has not been completed, the completion of the payment from the assets of the estate does not change the character of the property from real to personal. The law intends that it shall remain real property and subject to the laws of descent.

Besides all this, the administrator made final settlement and received his discharge in September, 1847. His trusteeship was then at an end, and there is no reason why the statute of limitations should not, from that time, run in his favor. Terence Donohoe used the property as his own and had open and notorious possession for a period of over thirty years, and that of itself constitutes a complete defense.

The judgment is affirmed. RAY, J., absent; the other judges concur.