## Albert B. Ogle et al., Plaintiffs in Error, v. City of Belleville et al., Defendants in Error.

1. **Municipal corporations**—*how legality of annexation cannot be questioned.* The legality of annexation proceedings cannot be collaterally attacked.

2. **Municipal corporations**—*how legality of annexation must be questioned.* The legality of annexation proceedings can only be questioned by *quo warranto*.

Bill in chancery. Error to the Circuit Court of St. Clair county; the Hon. B. R. Burroughs, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

Winkelman & Ogle, for plaintiffs in error.

A. H. Baer, for defendants in error.

Mr. Justice Myers delivered the opinion of the court.

This is a bill in chancery filed by the plaintiffs in error against the City of Belleville and others, members of the city council, for the purpose, as stated by counsel for plaintiffs in error, to compel the defendants to restore money alleged to have been squandered by city authority and to restrain by injunction the payment of other money in the erection of a police station, electric lights, etc., in territory alleged to have been illegally annexed to the said city of Belleville. A demurrer to the bill was sustained and the complainants elected to stand by the bill. A decree was entered dismissing the bill without prejudice at the costs of complainants, who prosecute this writ of error. It is represented by the bill that on the 18th day of June, 1906, a petition for the annexation of certain described territory to the city of Belleville was presented to the city council by whom the prayer of the petition was granted, and a resolution passed submitting the question of the proposed annexation to the

voters at an election to be held July 31, 1906.  It is further alleged that the petition did not contain the signatures of the legally required number of property owners within the territory proposed to be annexed; that on July 16th, certain parties notified the mayor and council that the petition presented did not contain a majority of the property owners; that on July 13, complainant and others filed their bill in the Circuit Court and obtained a temporary injunction, which was afterwards dissolved on motion of the defendants; that a majority of the voters at the election held July 31st were in favor of the annexation, and thereupon the city paid the election expenses amounting to the sum of $700.  It is then alleged that the mayor and council have declared their intention and purpose to erect a police station and provide electric lights and other public improvements in the annexed territory, and pay for the same out of the public fund. The bill represents that the petition for annexation, when presented and acted on by the mayor and council, contained 272 names; that a large number of the names were improperly on the petition; that only 191 property owners had signed the same, and that there were in fact 902 property owners within the annexed territory.  The foregoing is a substantial statement of the facts set out in the bill.  We think, as must have concluded the chancellor who rendered the decree, that the complainants have mistaken their remedy for grievances set out in their bill of complaint.  The relief prayed for is founded upon the supposed illegality of the proceedings by the mayor and council in annexing territory, for without this presupposition the payment of election expenses and the making of public improvements was legitimate and proper and the complainant is without cause of grievance alleged. This proceeding must therefore be treated as a collateral attack upon the corporate action of the city of Belleville and obnoxious to the well-established legal proposition that the remedy, if any, is by *quo war-*

*ranto* and not bill in chancery. In the case of Evans v. Lewis et al., 121 Ill. 478, it was held, that the legality of the formation and organization of a drainage district, or of the extension of its boundaries, so as to take in additional lands, cannot be inquired into or questioned by bill in chancery to enjoin the collection of assessments and that the proper remedy in such cases is by *quo warranto*. See also, The People ex rel. v. Peoria, 166 Ill. 517; Keigwin v. Drainage Commissioners, 115 Ill. 347; Renwick v. Hall, 84 Ill. 162. From aught that appears in the bill, the city acted in conformity with every legal requirement in proceedings to annex territory, the only complaint being that the petition did not contain the required number of property owners. Whether it did or not was for the council to determine. It must be presumed that the council determined correctly, and that the petition was legally sufficient until challenged by direct and appropriate proceedings, which, as already indicated, is not by bill in chancery. In Osborn v. The People ex rel., 103 Ill. 224, where it was held that the legality of the organization of a corporation cannot be attacked and judicially examined, only in a direct proceeding by *quo warranto,* the court gives the reasons which justify the rule: "That can only be done by *quo warranto,* which is a direct proceeding to determine its validity. This, from the nature of things, must be so, otherwise no question could ever be adjudicated. Every proceeding before tribunals and officers, if permitted, would lead to an inquiry whether they were legally acting. If it were permitted, in every suit before all courts, from the highest to the lowest, the defendant might question the election of the judge and enter into a contest of his election. In all suits by the state, its organization might be reviewed and decided. In suits by counties it might be claimed that the law authorizing their organization had not been complied with, and efforts made to show a want of compliance with the law. It would lead to

an inquiry whether the territory comprising a county had the requisite population to organize; whether the proper notices for elections had been given, and other statutory requirements performed; and the same would follow as to every municipal corporation, and the election of every officer, before his acts would be regarded as legal. If this was allowed, in every constitutional question for determination, the courts would, if insisted upon, be compelled to hear evidence and determine whether all of the required steps were taken in calling the convention that framed it, or in giving notice and conducting the election that adopted it, and canvass the vote, purge the polls, and re-count the votes, to determine whether all of the requirements of the law were satisfied. Thus it is seen that the highest considerations of public policy forbid the inquiry whether a corporation is legally organized in any but a direct proceeding.''

We find nothing in authorities cited by plaintiffs in error which are in conflict with the legal proposition which, as above indicated, must control under the facts in this case. The decree of the Circuit Court is therefore affirmed.

*Affirmed.*