# J. H. EVENS AND OTHERS v. PETER ANDERSON AND OTHERS.[1]

January 14, 1916.

Nos. 19,488—(126).

**Consolidation of school districts.**

1. Five school districts in Aitkin county undertook to consolidate. The proceedings were in good faith and sufficient in form. After the order of consolidation, meetings were held, officers elected, bonds voted and other business done. It is now alleged that some of the signers of the petition for consolidation were disqualified.

**Same — public corporation de facto.**

2. A public corporation *de facto* exists where there is (1) some law under which a corporation with the powers assumed might lawfully have been formed; (2) a colorable and *bona fide* attempt to perfect an organization under such a law; (3) user of the rights claimed to have been conferred by the law for an appreciable length of time. The consolidated school district was a *de facto* corporation.

**Same — validity questioned only by the state.**

3. Where a municipal body has assumed, under color of authority, to exercise the power of a public corporation of a kind recognized by the organic law, the validity of its organization can be challenged only by the state, and neither the corporation nor any private party can, in private litigation, question the legality of its existence.

**Same.**

4. The fact that the organization was so defective as to be void in its inception does not change the rule.

**De facto corporation.**

5. Time of exercise of the functions of a corporation is not controlling importance.

**Quo warranto.**

6. These rules preclude direct as well as collateral attack by private litigants. *Quo warranto*, at the instance of the attorney general of the state, is the exclusive proceeding to determine the legal existence of a public corporation.

1 Reported in 155 N. W. 1040.

Note.—Who may maintain quo warranto to test validity of organization of school district, see note in 21 L.R.A.(N.S.) 685.

Action by J. H. Evens and three other freeholders and voters against the trustees of Consolidated School District No. 46 of Aitkin county to restrain defendants from issuing bonds of such district, from conducting the business of said district and incurring expenses in the management thereof. The case was tried before Wright, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the findings, defendants appealed. Reversed and judgment for defendants ordered.

*Louis Hallum* and *Cray & Eaton,* for appellants.
*E. H. Krelwitz* and *Mantor & Ebner,* for respondents.

HALLAM, J.

1. Early in 1914 proceedings were commenced for the consolidation of five school districts in Aitkin county. After proper preliminaries, petitions were circulated and, when signed, were presented to the county superintendent of schools. The county superintendent gave due notice of an election to vote upon the question of consolidation. The election was held and consolidation carried. The superintendent then made his order of consolidation. No appeal was taken therefrom. He then gave due notice of a meeting to elect officers. This meeting was held and the individual defendants were elected trustees, and they qualified and proceeded to act as such. They caused a meeting of the consolidated district to be held, and at said meeting a majority of the voters present voted to issue bonds in the amount of $18,000. The trustees entered upon negotiations for the sale of the bonds to the state of Minnesota, and bonds were issued running to the state, but no money had been received thereon. The trustees further proceeded to negotiate for a site for a school house for said consolidated district and to procure plans and specifications for a school house to cost $18,000, and gave notice of another school meeting of the consolidated district.

Plaintiffs claim that the petition for consolidation was insufficient. The statute requires, as a preliminary to the organization of a consolidated school district, "presentation to the county superintendent of a petition signed and acknowledged by at least twenty-five (25) per cent of the resident freeholders of each district affected, qualified to vote at school meetings, asking for the formation of a consolidated school district."

G. S. 1913, § 2687. From four of the five districts the number of qualified signers was sufficient. The fifth district, number 93, was small in population. It is claimed that there was in the district but one resident freeholder qualified to vote at school meetings and that this one did not sign. Three others in good faith did sign. It is claimed none of them were qualified.

A petition, signed by the requisite number of qualified signers, is essential to the jurisdiction of the county superintendent to act. Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723. On the ground that this petition was insufficient in this particular, plaintiffs bring this action to enjoin defendants from taking any further proceedings in relation to the issuance of bonds, and from conducting and carrying on any business as a school district. The court ordered an injunction. Defendants appealed.

At the threshold of the case we meet this question: Can these individual plaintiffs in this private litigation draw into question the capacity of this consolidated district to act as a corporation? We are of the opinion they cannot.

2. A school district, if not technically a municipal corporation, is at least a public corporation. This consolidated school district was at least a public corporation *de facto*. A public or municipal corporation *de facto* exists when there is (1) some law under which a corporation with powers assumed might lawfully have been created; (2) a colorable and *bona fide* attempt to perfect an organization under such a law; (3) user of the rights claimed to have been conferred by the law. Tulare Irrigation District v. Shepard, 185 U. S. 1, 22 Sup. Ct. 531, 46 L. ed. 773. This is in substance the rule adopted in numerous cases in this state as applicable to private corporations. Finnegan v. Noerenberg, 52 Minn. 239, 53 N. W. 1150, 18 L.R.A. 778, 38 Am. St. 552; Johnson v. Okerstrom, 70 Minn. 303, 73 N. W. 147; Healey v. Steele Center Creamery Assn. 115 Minn. 451, 457, 133 N. W. 69; and the same rules apply whether the corporation be public or private. Pierce v. Town of Lutesville, 25 Mo. App. 317, 320. All these elements are found in this case. The user has not been for any great length of time, but we do not deem this essential. The essential thing is that there should be user in good faith for an appreciable length of time.

3. A *de facto* public corporation has, as to all but the state, the qualities of a *de jure* corporation. Its right to exercise corporate functions can be challenged only by the state. Some courts have given as the reason that "corporate franchises are grants of sovereignty only, and, if the state acquiesces in their usurpation, individuals will not be heard to complain." Miller v. Perris Irrigation District, 85 Fed. 693, 699. Others place it upon consideration of public policy, suggesting the importance of stability and certainty in such matters and the serious consequences which might follow if the existence of a municipal corporation should be called into question, and perhaps determined void in actions between the corporation and private parties. State v. Honerud, 66 Minn. 32, 68 N. W. 323. But, whatever the reason, the rule is fixed by unanimity of authority that where a municipal body has assumed, under color of authority, to exercise the power of a public corporation of a kind recognized by the organic law, the validity of its organization can be challenged only by the state, and neither the corporation nor any private party can in private litigation question the legality of its existence. State v. Honerud, 66 Minn. 32, 68 N. W. 323; St. Paul Gaslight Co. v. Village of Sandstone, 73 Minn. 225, 232, 75 N. W. 1050; State v. District Court of Ramsey County, 90 Minn. 118, 95 N. W. 591; Ashley v. Board of Supervisors, 60 Fed. 55, 63; Miller v. Perris Irrigation District, 85 Fed. 693; Stuart v. School District No. 1, 30 Mich. 69; Burnham v. Rogers, 167 Mo. 17; Davis v. Parks, (Tex. Civ. App.) 157 S. W. 449; School District No. 21 v. Board of County Commrs. 15 Wyo. 73, 86 Pac. 24, 11 Ann. Cas. 1058; 1 Dillon, Mun. Corp. (5th Ed.) § 66.

4. The fact that the organization was so defective as to be void in its inception does not change the rule. There is no room or place here for distinction between things that are voidable and things that are void. Neither the nature nor the extent of the illegality in organization can affect the application of these principles so long as the requirements above stated are met. Ashley v. Board of Supervisors, 60 Fed. 55, 61, 8 C. C. A. 455; Miller v. Perris Irrigation District, 85 Fed. 693, 699.

5. Time of exercise of the functions of a corporation may be of some, but it is not of controlling, importance. Wm. N. Coler & Co. v. Dwight School Twp. 3 N. D. 249, 257, 55 N. W. 587, 28 L.R.A. 649. In this case the order of consolidation was made May 20. This action was com-

menced July 14. In view of the acts in fact done, we think this school district was as much a *de facto* corporation when this action was commenced as it would have been years later.

6. It is claimed that this is a direct, as distinguished from a collateral, attack. We shall not spend time in discussion of that question, for we conceive that it is not important. In some decisions we find the language that the existence of a public corporation cannot be drawn into question in a collateral action between private parties. We think the rule equally well settled and sound that private citizens cannot raise such question by any form of direct attack. *Quo warranto* is the proper and, in the absence of statute, the exclusive proceeding to determine the question of the legal existence or validity of the organization of a public corporation. 32 Cyc. 1424; Mullikin v. City of Bloomington, 72 Ind. 161; Renwick v. Hall, 84 Ill. 162; Alderman v. School Directors, 91 Ill. 179; Ogle v. City of Belleville, 143 Ill. App. 514, 87 N. E. 353; Miller v. Town of Palermo, 12 Kan. 14; A. T. & S. F. R. R. Co. v. Wilson, 33 Kan. 223, 6 Pac. 281; Clement v. Everest, 29 Mich. 19; School District No. 4 v. Smith, 90 Mo. App. 215; 4 Dillon, Mun. Corp. (5th ed.) § 1560. The essential point is that the right to draw in question the legality of an existent body of the character mentioned is the prerogative of the state, and not of private litigants. A private citizen having no interest distinct from that of the public may not invoke the writ of *quo warranto* to test the organization of a public corporation. It may be invoked only by the attorney general of the state. The reason is not a technical one. It is an application of the principle that public rights are to be vindicated by public authority. State v. McDonald, 101 Minn. 349, 112 N. W. 278; State v. Olson, 107 Minn. 136, 119 N. W. 799, 21 L.R.A.(N.S.) 685. The private litigant should not be permitted to reach the same result by a change of form of action.

There is every reason for the application of these rules in this case. The statute gave the plaintiffs the right to appeal to the courts from the order establishing the district. G. S. 1913, § 2688. On such appeal they might have raised all the questions they seek to raise here. They did not appeal. In fact some of them were, up to the time the order was made, active in the movement to form this consolidated district. Not having availed themselves of the right of appeal, their right to question

the validity of the organization of this public corporation is gone.
Reversed and judgment ordered for defendants.