## IN RE CONSOLIDATION OF SCHOOL DISTRICTS IN BLUE EARTH COUNTY.

## WILLIAM SCHULTZ AND OTHERS v. CONSOLIDATED SCHOOL DISTRICT NO. 1.

## CONSOLIDATED SCHOOL DISTRICT NO. 1 v. WILLIAM SCHULTZ AND OTHERS.[1]

July 19, 1918.

Nos. 20,867, 20,873.

**Consolidation of school districts — petition jurisdictional.**

1. A petition signed by the requisite number of freeholders is jurisdictional in proceedings for the consolidation of school districts under G. S. 1913, § 2687.

**Same — holder of land contract freeholder.**

2. One who holds a land contract for the conveyance of land in consideration of a conveyance agreed to be made by him of other land is a freeholder.

**Same — evidence of good faith.**

3. The findings of the court that a particular contract of this kind was bona fide is sustained by the evidence.

[1]Reported in 168 N. W. 552.

**Evidence — hearsay.**

4. On the question whether a resident of the district was a freeholder, evidence that such person, present in court but not a witness, and who did not sign a petition, had said that he had no interest in a certain tract of land, was hearsay and was properly excluded.

**New trial — newly discovered evidence.**

5. A new trial on the ground of newly discovered evidence was properly denied.

From an order of the superintendent of schools of Blue Earth county consolidating school districts Nos. 16, 17, 20, 21, 22, 90 and 106 in that county, William Schultz and others appealed to the district court for that county, where the matter was heard before Comstock, J., who made findings and annulled the action of the county superintendent. All parties moved to amend the findings and conclusions and the Consolidated School District moved for a new trial. From the orders denying these motions, all parties appealed. Affirmed.

It was stipulated a suit for an injunction should abide the decision of the appeal.

*C. J. Laurisch, Pfau & Pfau* and *H. A. Johnson* for Consolidated School District No. 1.

*S. B. Wilson and H. L. & J. W. Schmitt,* for William Schultz and others.

HALLAM, J.

September 20, 1915, certain freeholders in the school districts Nos. 16, 17, 20, 21, 22, 90 and 106 of Blue Earth county filed a petition for the consolidation of those districts. Thereupon the county superintendent called a meeting of the electors of these school districts for the purpose of voting on the question of consolidation. The meeting was held, consolidation carried and the county superintendent made an order of consolidation. Thereupon certain electors appealed to the district court and certain electors also commenced an action to restrain further proceedings under the petition.

The district court found in favor of the opponents of consolidation. The ground of the decision was as follows: The statute provides that the petition for consolidation shall be signed by at least 25 per cent of the resident freeholders of each district affected, qualified to vote at

school meetings. G. S. 1913, § 2687. Only four such electors of district No. 90 signed the petition. The court found that there were 17 such electors within that district and that therefore the number of petitioners was insufficient.

1. This court has held that a petition signed by the required number of freeholders is jurisdictional. Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723. The contention of the consolidated district is that the finding of the fact as to the number of electors in district No. 90 is not sustained by the evidence.

2. The court found that Burt Putrah and Margaret Putrah, his wife, were resident freeholders of district No. 90, qualified to vote at school meetings. That they were freeholders is denied. There was evidence that they held a contract from Philip J. Putrah, father of Burt Putrah, to convey to them, jointly, 80 acres of land on which they lived in district 90, in consideration of conveyance agreed to be made by them to Philip of a tract of land elsewhere. If this contract was bona fide and in force at the time in controversy then Burt and Margaret Putrah were freeholders. The status of the holder of such a contract has been considered by this court in many cases. These will be found reviewed and collated in Wellington v. St. Paul, M. & M. Ry. Co. 123 Minn. 483, 144 N. W. 222, and Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032. The holder of such a contract holds land. G. S. 1913, § 9412 (9); Hook v. N. W. Thresher Co. 91 Minn. 482, 98 N. W. 463. He has an inheritable estate in land. Starkweather v. Chatfield, 149 Mich. 443, 112 N. W. 1071; Harney v. Donohue, 97 Mo. 141, 10 S. W. 191; Williams v. Kinney, 43 Hun, 1, affirmed 118 N. Y. 679, 23 N. E. 1147. See also Abbott v. Moldestad, 74 Minn. 293, 298, 77 N. W. 227, 73 Am. St. 348; Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212; 3 Pomeroy, Eq. § 1261. An inheritable estate in land is an estate of freehold (G. S. 1913, § 6656) and the holder of an inheritable estate is a freeholder. 85 Minn. 83, 87, 88 N. W. 419.

3. The court found that this contract was bona fide and in force and there is evidence to sustain this finding.

Relience is placed on an isolated statement made by Philip J. Putrah on the stand that "there wasn't any consideration" for this contract. This is not conclusive. Quite likely he had reference to money consid-

eration, for he had fully testified to the facts as above stated and these facts showed adequate consideration.

4. Appellant school district complains that the court rejected evidence that Burt Putrah had made the statement, when importuned to sign the petition, that he had no interest in the land and no writing to show for any. Burt was in court, but was not called as a witness. He did not sign the petition. The evidence was hearsay and came within none of the exceptions to the hearsay rule. 3 Wigmore, Evidence, § 1712.

The court found that William F. Blume was a resident elector and freeholder in district No. 90. There was evidence that he had an ordinary contract for deed of the land on which he lived in the district. This was sufficient.

5. A new trial is asked on the ground of newly discovered evidence. The alleged newly discovered evidence is for the most part that of persons who were witnesses on the former trial. Some contradicted their former testimony. No reason appears why the evidence so far as true could not have been elicited on the former trial. This ground of motion for a new trial was properly denied.

Orders affirmed.