STATE EX REL. JOHN C. NORDBLUM v. J. A. A. BURNQUIST, GOVERNOR.[1]

October 1, 1920.

No. 22,077.

**Division of county — proceedings before Governor not reviewable on certiorari.**

Proceedings before the Governor resulting in a proclamation sub-

[1]Reported in 179 N. W. 371.

mitting a proposition for the division of a county to the voters are not judicial nor quasi judicial in character, and the act of the Governor in issuing the proclamation is not reviewable on certiorari.

Upon the relation of John C. Nordblum the supreme court granted its writ of certiorari directed to J. A. A. Burnquist, Governor of the state of Minnesota, to review his action in issuing a proclamation, submitting to the voters of Marshall county a proposed division of the county.  Writ quashed.

*F. A. Grady* and *Todd, Fosnes & Sterling,* for relator.

*Christofferson, Christofferson & Jackson,* for Holt petitioners.

DIBELL, J.

Certiorari to the Governor to review his action in issuing a proclamation submitting to the voters of Marshall county a proposed division of the county.

The petition for a division upon which the proclamation was issued proposed a new county to be called Liberty with Holt as its county seat. Another petition was filed by the relator in this proceeding, and others, a few hours or a day later, asking for a division of the county, the new county to be called Park with its county. seat at Middle River.

Several sections of the statutes bear upon the procedure for county division.  G. S. 1913, § 634, which is as follows, is all that we need quote:

"If it appears that each petition is signed by the requisite number of persons who are voters in each of the counties affected, of which latter fact the affidavits of the persons procuring the signatures thereto shall be prima facie evidence, the secretary of state shall notify the governor of the filing thereof, who, not less than sixty days before such election, shall issue his proclamation, reciting that such petitions have been so filed, the substance thereof, and directing that the question of such change of boundaries, or the establishment of such new county, as the case may be, be submitted to the voters of the counties to be affected thereby at such election; but in no case shall more than one proposition be submitted at the same election, except for mutual exchange of territory between counties."

The contention of the relator is that the Liberty county petition when filed had an insufficient number of petitioners and was not a valid basis

for the Governor's proclamation. An examination convinces us that the petition was sufficient on its face.

Under the statute the act of the Governor in issuing a proclamation is neither judicial nor quasi judicial so that certiorari lies to review it. This is the necessary result of State v. Clough, 64 Minn. 378, 67 N. W. 202, where, under a different but similar statute, it was sought to review by certiorari the proceedings before the Governor, secretary of state and state auditor in enlarging an organized county by attaching thereto adjoining territory. There Justice Mitchell said:

"Under the repeated decisions of this court, these proceedings are neither judicial nor quasi judicial in their nature, and cannot be reviewed on certiorari. We have so often stated our views as to the office of the writ of certiorari, and the nature of the proceedings that may be reviewed on it, that it is wholly unnecessary to repeat them at this time. * * * Neither * * * their nature, the manner of performing them, nor in their effect when performed, are the acts of the Governor, secretary of state, and state auditor, under this statute, judicial or quasi judicial, any more than were the acts of the city council in defining the 'patrol limits' or of the county commissioners in forming a new town or school district, which were considered in the cases cited.

"The fact that a board or officer has, in the performance of their duties, to ascertain certain facts, and, in doing so, to determine what the law is, does not of itself render its act judicial. That has to be done every day by public bodies and officers, in the discharge of purely legislative or executive acts. Neither does it render an act judicial in its nature because it, in a general sense, affects the relator's interests in common with those of other members of the public. It is difficult to conceive of any legislative or executive act which does not in this way affect the interests of every member of the community. To render the proceedings of special tribunals, commissioners, or municipal officers judicial in their nature, they must affect the rights or property of the citizen in a manner analogous to that in which they are affected by the proceedings of courts acting judicially. Examples of this nature are proceedings in taking private property for public use, and assessing the owner's compensation, in making assessments for local improvements, in contested election cases, or removing from office for cause."

The language quoted is applicable to the situation before us. It does not follow that there is no remedy against an unauthorized and invalid creation of a new county out of Marshall. Slingerland v. Norton, 59 Minn. 351, 61 N. W. 322; State v. Board of Co. Commrs. of Crow Wing County, 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L.R.A. 745.

Writ quashed.

BROWN, C. J., and HOLT, J., took no part.