## IN THE MATTER OF THE APPEAL OF CONSOLIDATED SCHOOL DISTRICT NO. 41, CROW WING COUNTY, FROM AN ORDER OF THE COUNTY BOARD OF SAID COUNTY.[1]

July 8, 1921.

No. 22,354.

**School and school district — changing boundary — right of appeal statutory.**

The right of appeal from orders of county boards, changing the boundaries of school districts, is statutory. There is no right of appeal un-

[1] Reported in 183 N. W. 979.

less given by statute. The statutes of this state do not give a right of appeal from an order made on a rehearing of a petition for change of boundaries of a school district under G. S. 1913, § 2703.

From an order of the county board of Crow Wing county reversing its order attaching certain territory of District No. 67 to Consolidated School District No. 41, the latter district appealed to the district court for that county. The appeal was heard by McClenahan, J., who made findings and dismissed the appeal. From an order denying its motion for a new trial, School District No. 41 appealed. Affirmed.

*M. E. & C. A. Ryan,* for appellant.

*F. E. Ebner,* for respondent.

HALLAM, J.

In June, 1919, the school board of Consolidated School District No. 41, of Crow Wing county, petitioned the county board to make part of such district certain lands included in district No. 67. The county board made an order granting the petition. In the following April, a petition was filed with the county board for a rehearing of the order of June, 1919. Upon such rehearing the county board reversed its former order and ordered that the territory attached be again detached. Notice of appeal to the district court was served, the notice being signed "Consolidated School District No. 41 by F. G. Schrader, its chairman." On the hearing of the appeal the court held that there was no right of appeal from the order made on rehearing; that if wrong on that point, that a school district had no right of appeal, and if wrong on that point, that the appeal was not authorized by the school district and hence was inoperative. The court accordingly dismissed the appeal. District No. 41 thereupon appealed to this court.

It is manifest that, if the first ruling was correct, this disposes of the case. We are of the opinion that this ruling was correct.

The rehearing was had under G. S. 1913, § 2703, which reads as follows: "When the boundaries of any district have been changed by order of the county board, if there shall be filed with the auditor a petition to such board for rehearing, signed by not less than five freeholders, legal voters in said district, the auditor shall present the same to the

board at its next meeting. The board shall thereupon set a time and place for rehearing, and shall cause notice thereof to be served on the clerks of the districts affected by such change, and posted as in case of the original petition. The hearing may be adjourned from time to time, and the board shall make such order in the premises as it shall deem just."

There is no provision in this section for an appeal from the order made on rehearing. Nor is there anywhere in the statutes any provision for appeal from orders made on rehearing in any case except in G. S. 1913, § 2704, as amended by chapter 113, p. 146, Laws of 1915, which reads as follows: "When any freeholder shall present to the board of any county a petition, verified by him, stating that he owns land in such county adjoining any district therein, or separated therefrom by not more than one-quarter section, and that such intervening land is vacant and unoccupied, or that its owner is unknown, and that he desires his said land, together with such intervening land, set off to such adjoining district, and his reasons for asking such change, the board, upon notice and hearing as in other cases, and upon proof of all the allegations of the petition, may make its order granting the same, and like notice of such change shall be given as in other cases; provided, that any person or officer of any school district aggrieved by any order of the county board made pursuant to the provisions of this section, or by any order of the county board, made on the rehearing before it of any such petition, may appeal to the district court from such order, such appeal to be governed by the provisions of section 2676, General Statutes, 1913."

This gives an appeal from orders made on rehearing only in the class of cases covered by section 2704. The case at bar did not arise under section 2704. There is no right of appeal in such cases unless given by statute. The statute is clear in its language. Whatever may have been the reason, the legislature has not given the right of appeal from an order made on a rehearing under section 2703.