# SCHOOL DISTRICT NO. 135 OF HENNEPIN COUNTY AND ANOTHER v. J. M. McCONNELL, AS STATE COMMISSIONER OF EDUCATION AND ANOTHER.[1]

September 22, 1921.

No. 22,511.

**Consolidation of school districts — number of signatures to petition jurisdictional.**

1. Under Laws 1917, c. 453, relating to the consolidation of school districts, the requirement that the petition be signed by a specified number of freeholders is jurisdictional.

**Statute gives no right of appeal.**

2. The right of appeal to the district court in a consolidation proceeding is statutory, and the statute cited does not give an appeal.

**Amendment to statute not retroactive.**

3. Chapter 441, Laws 1921, approved April 23, 1921, amending the 1917 act in several respects, and giving an appeal, does not operate retroactively, so as to deprive the plaintiffs of a cause of action for an injunction submitted on demurrer on April 19, 1921.

**Invalid election — injunction.**

4. In the absence of a right of appeal given by statute, and of any

[1]Reported in 184 N. W. 369.

. other effective remedy, aggrieved parties may enjoin the making and filing of an order setting forth the result of the election, as required by the statute, the election being invalid because of an insufficient number of petitioners.

Action in the district court for Hennepin county to enjoin the state commissioner of education from making any order and the county auditor from filing any order relating to the consolidation of certain school districts. Defendants' demurrer to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action was sustained; their motion to strike out the complaint as sham was denied, Molyneaux, J. From the order sustaining the demurrer, plaintiffs appealed. Reversed.

*Thomas Kneeland* and *Ernest Malmberg,* for appellants.

*Clifford L. Hilton,* Attorney General, *Montreville J. Brown,* Assistant Attorney General, *Frank J. Williams,* Assistant County Attorney, and *Healy & La Du,* for respondents.

DIBELL, J.

This action was brought in Hennepin county to enjoin the state commissioner of education from making or filing an order with the county auditor setting forth the result of an election in a school district consolidation proceeding under Laws 1917, p. 757, c. 453, and enjoining the county auditor from taking any action relative to a consolidation.

The plaintiffs appeal from an order sustaining a demurrer to the complaint.

1. The election was held on December 7, 1920. It resulted in favor of the consolidation. The point urged against its validity is that the petition for a consolidation was not signed by so many as 100 legal voters as is required by the statute, and that therefore the proceeding was without jurisdiction. The requirement that the petition be signed by the number specified in the statute is jurisdictional. Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723; In re Consolidation of School Districts in Blue Earth County, 140 Minn. 475, 168 N. W. 552.

2. The defendants urge that the remedy of the plaintiffs is by appeal. No appeal was taken. The plaintiffs claim that no appeal is given.

The right of appeal rests on statute. In re Consolidated School District No. 41, Crow Wing County, 149 Minn. 418, 183 N. W. 979. There is no express provision for an appeal. The trial court was of the opinion that the statute is an enlargement of Laws 1915, p. 336, c. 238, section 4 of which provides for an appeal such as is provided in connection with the formation of school districts, and its further view was that thereby section 2676, relative to appeals, is applicable to the act of 1915, as apparently it is, and through it to the act of 1917.

Chapter 238, p. 336, Laws 1915, is the general consolidation act. This statute provides in section 4 for an appeal, as in the case of the formation of school districts, referring back to G. S. 1913, § 2676. Laws 1917, p. 621, c. 410, approved April 20, 1917, amends sections 4 and 5 of Laws 1915, pp. 337, 338, c. 238. It provides for an appeal. It does not affect sections 2 and 3, c. 238, pp. 336, 337, Laws 1915, which prescribe the conditions of a consolidation and the requirements of the petition. Laws 1917, p. 757, c. 453, the statute upon which this proceeding is based, approved on the same day as chapter 410, does not purport to amend a former statute. It refers in its title to the "consolidation of certain school districts in connection with villages and cities of the fourth class." It provides in sections 1, 2 and 3, for the conditions of consolidation, the character of the petition, the conduct of the election, and the certification of the result. It does not provide for an appeal. Laws 1919, p. 367, c. 342, amends "section 4, chapter 238, Laws 1915, as amended by section 1 of chapter 410, Laws 1917, relating to formation of consolidated school districts." It affects section 4 of chapter 238 as amended by section 1 of chapter 410. Section 4 as it appears in chapter 238, and as amended by chapter 410, provides for an appeal, and chapter 342 provides for an appeal in similar terms. Nowhere do we find Laws 1917, p. 757, c. 453, amended, prior to the submission of this action on demurrer, though, as noted later, it was amended shortly afterward.

We are unable to hold that the act of 1917 is so connected with the act of 1915 that the appeal for which the 1915 act provides is applicable to a proceeding under the 1917 act, nor can section 2676 be held to provide generally for appeals in later statutes relative to school district

consolidations. No right of appeal was given. There might well have been, and so there might have been in the Crow Wing case, but none was given.

3. The act of 1917 was amended by Laws 1921, p. 683, c. 441, section 3 of which gives an appeal such as is provided in connection with the formation of school districts.

The election was held on December 7, 1920. The demurrer to the complaint for an injunction is dated March 19, 1921. It was heard on April 19, and sustained on May 16, 1921. The appeal from the order was made on June 11, 1921. The amending act of 1921, p. 682, chapter 441, was approved on April 23, 1921.

The defendants, without abandoning their other claims, contend that the 1921 amendment gives the plaintiffs an appeal, and that therefore the complaint does not state a cause of action for an injunction. They claim that the amending statute is retroactive. They rely largely upon Oppegaard v. Board of Co. Commrs. of Renville County, 110 Minn. 300, 125 N. W. 504, which was followed in Sorknes v. Board of Co. Commrs. of Lac Qui Parle County, 131 Minn. 79, 154 N. W. 669.

It may be noted that the 1921 amendment changes the number required to institute the consolidation proceeding, and the vote necessary to carry the election. The situation arising under the 1921 act, which an appeal would review, is quite different from the situation before us for review under the 1917 act.

Our view is that the 1921 amendment does not affect the cause of action for an injunction, which existed and was pending and in which a demurrer had been argued and submitted when the amendment was adopted, by giving an appeal which made relief in equity unnecessary. The Oppegaard case did no more than sustain an appeal authorized by a subsequent statute. It did not affect a cause of action, pending and submitted to the court for decision, which was a valid one at the date of the later statute.

The contention that injunction will not lie because the plaintiffs had an adequate remedy by appeal is not sustained under the facts stated.

4. One of the plaintiffs is a taxpayer and elector in one of the affected districts. The other is an affected district. In some form there should

be given an opportunity for an adjudication of the validity of the consolidation proceeding. There is no right of contest. Relief cannot be had by appeal. The existence of a right of appeal might be an answer to the complaint. Certiorari was used without objection to determine the constitutional validity of the 1917 act in State v. Independent School District of Granite Falls, 143 Minn. 433, 174 N. W. 414. It does not seem that relief can be given in certiorari because of the defect claimed in this proceeding. State v. Clough, 64 Minn. 378, 67 N. W. 202; State v. Burnquist, 146 Minn. 460, 179 N. W. 371. Besides, the proceeding on its face shows no defect. If the districts were consolidated, relief might be had if the attorney general chose to challenge the consolidation by quo warranto. State v. Board of Co. Commrs. of Crow Wing County, 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L.R.A. 745. And see Evens v. Anderson, 132 Minn. 59, 155 N. W. 1040. But a consolidated school district is not organized. There remains the act of the commissioner, required by the statute, in making and filing the order.

It seems that injunction is a proper remedy. In Slingerland v. Norton, 59 Minn. 351, 61 N. W. 322, it was held that an elector and taxpayer had a remedy by injunction where the petition was insufficient through a defect not appearing on its face. This was in a county seat removal proceeding where the court has not been alert in finding remedies. It is true that in the Slingerland case proceedings had not gone so far as a vote. This fact is referred to by way of discussion in one of the opinions in State v. Board of Co. Commrs. of Crow Wing County, 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L.R.A. 745. In Evens v. Anderson, 132 Minn. 59, 155 N. W. 1040, where an injunction was refused, there was an election in favor of consolidating, the order of consolidation was made, officers were elected, bonds were authorized, and the district was doing business as a public corporation. Quo warranto and not injunction was there the remedy. We think, however, that the delay of the plaintiffs in this case until after the vote was taken is not fatal to the maintenance of the action.

Order reversed.