IN RE ORDER OF H. G. DIEPENBROCK CONSOLIDATING SCHOOL DISTRICTS IN GOODHUE COUNTY.
ORVIN H. HAUGEN v. COUNTY COMMISSIONERS OF GOODHUE COUNTY.[1]

April 10, 1952.

No. 35,687.

---

[1]Reported in 52 N. W. (2d) 762.

*Johnson & Johnson,* for appellant.

*Milton I. Holst,* County Attorney, and *Charles Richardson,* Assistant County Attorney, for respondents.

PER CURIAM.

Appeal from an order of the district court dismissing an appeal from the order of H. G. Diepenbrock,. county superintendent of schools of Goodhue county, reorganizing certain school districts and portions of school districts in that county into one school district to be known as Consolidated School District No. 18 of Goodhue County.

Appellant is a taxpayer and voter of common school district No. 72, one of the school districts involved in the reorganization proceedings.

The only question involved is whether the order issued by the county superintendent of schools reorganizing the various school districts into one, as provided by M. S. A. 122.52(4), is an appealable order. The only assignment of error raised is that the trial court erred in dismissing the appeal.

Section 122.52(4) provides:

"If a majority of the votes cast be for reorganization, the county superintendent within ten days thereafter shall make proper orders to give effect to such vote and thereafter transmit a copy thereof to the auditor of each county in which any part of any district affected lies, and to the clerk of each district affected, and also to the state commissioner of education. The order shall specify the number assigned to the reorganized district."

It is our opinion that the order appealed from is not an appealable order, since the reorganization act does not provide for an appeal from such an order. The Minnesota school district reorganization act, under which this appeal is attempted, was passed in 1947 (L. 1947, c. 421). It was subsequently amended by L. 1949, c. 666, and L. 1951, c. 706. The order of the county superintendent of schools was made, and all proceedings prior to that order were

taken, pursuant to the reorganization act, which appears as M. S. A. 122.40 to 122.57. The only reference to the right of appeal appears in § 122.48, subd. 3, which provides for an appeal by the school board of a district to the state commission (state advisory commission on school reorganization) from the report of the school survey committee in case the people of any district feel aggrieved by the proposed division of the district, or by assignment to a proposed district other than the one which includes the high school by which they have previously been served, or by assignment to a proposed district which in their opinion would create a gross injustice. It will be noted that the appeal so provided is from the report of the school survey committee and not from the order of the county superintendent of schools, and that it is directed to the state commission and not to the district court. No other provision for appeal is made in the reorganization act.

It is conceded by both parties here that the right of appeal is a statutory right, which is the law. In re Appeal of Consolidated School Dist. No. 41, 149 Minn. 418, 183 N. W. 979; School Dist. No. 135 v. McConnell, 150 Minn. 57, 184 N. W. 369; City of Red Wing v. Nibbe, 160 Minn. 274, 199 N. W. 918. Counsel for appellant, however, earnestly points out §§ 122.21 and 122.32, not part of the reorganization act under consideration here, which he claims authorized the appeal to the district court. We have seriously considered the argument in this connection, but it is our opinion that it is not applicable in the case at bar. See, School Dist. No. 135 v. McConnell, 150 Minn. 57, 184 N. W. 369. Rather, it is our opinion that the matter of an appeal from the order in question is a simple matter for the legislature to correct, if it so desires, by amending the statute to specifically grant the right of appeal from such an order.

Affirmed.